Our final case for this morning is United States v. Mario Mendoza-Valles May it please the court, counsel Good morning, your honors. I'm Matt Noll. I represent the defendant in this case, Mario Mendoza-Valles Your honors, this case is about what the court is required to do under 3553A I heard the court say it earlier this morning, we all know that the guidelines are advisory at this point That's been beaten into our heads. But 3553A sub 4 still says there needs to be uniformity That's one of the factors that needs to be considered when sentencing a criminal defendant I think this case highlights the problem we're having post Booker Which 3553 was supposed to remedy in that now in this case we have a judge who said I think I need to deter you from coming back to the United States You must admit that Mr. Mendoza-Valles was persistent if nothing else I cannot deny that he was persistent if nothing else, your honor What does it take to tell him we really don't want you back here without the permission of the attorney general and all the rest of that stuff? I understand the court's point, and that was in my argument to the district court as well I understand that point, but we just had an amendment to the sentencing guidelines And I know they're advisory, but they're really the only thing that we have that embodies 3553A sub 4 I don't know what in that amendment says if it's your 5th or your 9th or your 35th or whatever it is But at the same time, the judge isn't entirely able, that's history, characteristics of the defendant It's all sorts of things that are floating through my mind about 3553A And this judge, 36 months, I'm not trivializing it as a sentence It's 3 years, less whatever good time, and I assume he'll be removed again at the end of that period But I just don't see where it is that the judge can't take into account the fact that every time this guy gets removed, he just turns around and comes back It's not, I don't want to say that it can't be taken into account, but I think it needs to be justified, the variance here We're talking about a 70% increase But you know, the lower the number, the easier it is to play with the percentage increase You know, if it had been a 5 month sentence and they changed it to 10, it would be a 100% increase And this is an additional 15 months on top of that Yes, an additional 15 months And unlike the two cases that are cited by the government, in Perez Molina and Sanchez Lopez, you had two people who had come back here repeatedly And were committing other crimes And I know in one of those cases, I can't remember which one, the most recent re-entry, he hadn't committed any serious offenses That's not what we have here Mr. Mendoza-Vallas did have some arrests in the early 90s that were for something other than a legal re-entry But since the mid-90s, he had no arrests He didn't come to the attention of the cops because he was committing a burglary, and the state just didn't prosecute that He was just literally in the wrong place at the wrong time There's a very long list of illegal re-entries I can't argue with that, Your Honor I don't know where we come in, actually Because yes, it's an above-guidelines sentence There are no statutory problems with the length of this sentence District judges, we say over and over again, do have substantial discretion in picking what they regard as an appropriate sentence And I think that therein lies the problem If we're only going to review abuse of discretion up to the statutory maximum, then we're going to get these large disparities We could get more disparity, that was the cost of Booker, you're absolutely right about that And here, I feel, the defendant feels, that the guidelines were recently amended to separate out these different categories If you committed a felony before you were deported, you get so many points If this were the world before Booker, you would have a compelling argument But the stripe of argument you're making, that is, that X was taken into account in the guidelines, was precisely what got rejected in Booker Even before Booker, the judge could say, well, here was something that wasn't taken into account in the guidelines The point of Booker was, the judge can vary even for something that was taken into account in the guidelines So how can your argument coexist with Booker? I think my argument coexists with Booker under 3553A sub 4, where there needs to be uniformity There doesn't need to be uniformity, as Chief Judge said, that was the other point of Booker Booker, the justices weren't sleepwalking through Booker They realized that making the guidelines less binding meant more variance That's just the trade-off Your argument is an argument suited to the world before Booker That's 12 years gone I understand that, Your Honor But one of the aims of 3553A is to have some uniformity And if the guidelines, so the guidelines are advisory and we all know that, but I don't think that they don't count for anything The government's argument is, the judge in this case has discretion to sentence anybody on illegal re-entry That's what the Supreme Court has held The judge must start by calculating the guidelines correctly And then the judge is entitled to implement a penal philosophy at odds with the guidelines That's the holding of Kimbrough I mean, there it is Maybe good or maybe bad But I still feel that the judge has to justify the variance somehow Your argument is that in the post-Booker world, it's now the appellate courts that somehow have to smooth out whatever undue disparities in sentences are And the Supreme Court has tolerated a lot It's an uphill battle, I'll just say that I think I understand what you're saying And my overarching argument is, Your Honor, is if we keep going down this road that we have post-Booker, we're going to be right where we were before 3553A We may be right about that You're right There were four dissenting justices in Booker I will reserve any time I have left for rebuttal Thank you, Your Honor Thank you Mr. McKenzie Thank you, Your Honors John McKenzie on behalf of the United States May it please the court This is a case where, as the defense counsel admits, he wants the district judge to have explained the reasons for his sentence And the district judge did He went in detail about it About, as the courts noted, the 12 deportations Nine criminal convictions Five of which were misdemeanors for illegally entering Four of which were criminal convictions for illegally re-entering The district court gave its explanation of other personal characteristics And it supported the reasons that it chose to impose the sentence it imposed Reasonable people may disagree But the decision is basically in the hands of the district judge And as long as they articulate the reasons in a rational set of reasons That decision should be upheld As far as the other concerns defense counsel raised Such as failure to follow guideline 4A1.3 As this court has stated You no longer have to follow that construct in making this sort of review Do we happen to know, by the way, whether a 36-month sentence Is in fact out of line for people who have 12 re-entries? I mean, this must happen in the 9th Circuit and the 2nd Circuit And the 5th Circuit and the 11th Circuit And other places around the country, too I don't have that information, Your Honor It wasn't put out at this time Just curious, because it strikes me that A rational district court judge might think That some additional punishment was needed for such a person Well, you certainly have the idea of Increasing the amount of punishments for personal deterrence And that certainly would be followed in this case As you had the last three convictions and sentences Were stepping stones up And the last one was before this conviction was 19 Now we're up to 35 Clearly the message is trying to be sent to him Please don't come back You're not welcome in the United States Because of your prior convictions If there's nothing further, Your Honor We would rest on the brief and ask the court  All right, thank you Anything further, Mr. Norrell? Very briefly, Your Honor I'd like to respond to Your comment about Do we know if this is a reasonable sentence? The judge actually stated That he had actually sat in the District of New Mexico And District of Arizona And had seen many illegal re-entry cases I was hoping the judge would say And when we see them on the fourth consecutive time Or the fifth, we start incrementally raising that And now you're at 12 So this is my basis We didn't get any of that He said he sat there He didn't say whether or not that is customary practice You just left it uncommented on Yes And the only thing I would leave the court with is Illegal re-entry is a crime That already Contemplates that there's been previous crimes And that was my argument Under the guidelines That if they wanted to make successive ones They would have accounted for that Thank you, Your Honors All right, thank you And you took this by appointment, I believe And we thank you very much for your service To your client and the court Thanks as well to the government We will take the case under advisement And the court will be in recess